UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOCELYN THIGPEN , | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Action, File Civil Number _____ |
| | ) | |
| YVONETTE C. LAWSON, | ) | _____ |
| CELLCO PARTNERSHIP d.b.a., | ) | |
| VERIZON WIRELESS. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

RICHARD J. COSENTINO, Attorney for Plaintiff, JOCELYN THIGPEN, 11223

Distinctive Drive, Orland Park, Illinois 60467 (708) 478-7300.

COMES NOW the Plaintiff, JOCELYN THIGPEN, by and through her attorney,

RICHARD J. COSENTINO, and for her Complaint against the Defendants states and avers as

following:

## I.    NATURE OF THE ACTION.

1.    The Plaintiff, was employed by the Defendant, CELLCO PARTNERSHIP d.b.a.

VERIZON WIRELESS, and was discriminated against on the basis of disability, Post Traumatic

Stress Disorder, when among other things she was not provided reasonable accommodations.

Additionally, the defendant's policies have a disparate impact on the Plaintiff.

2.    Plaintiff seeks relief under the Title I of the Americans with Disabilities Act of

1990, 42 U.S.C.A. 12101 et seq., ( hereinafter, "ADA"), and the Rehabilitation Act of 1973, as

amended, 29 U.S.C.A.791,794 ET SEQ., (hereinafter: Rehab. Act.").

1

II.     **JURISDICTION AND VENUE.**

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. 1331,

29U.S.C.A. 794a, 42 U.S.C.A. 12117(a) and 42 U.S.C.A. 2000e-5(f)(3).

4.      The unlawful employment practices complained of herein were committed in the

Federal Judicial District of the State of Illinois , thus, venue in this Court is proper pursuant to 28

U.S.C.A. 1391(b), 29 U.S.C.A. 794a,42 U.S.C.A. 12117(a) and 42 U.S.C.A. 2000e-5(f)(3).

5.      The Court has supplemental jurisdiction over the Plaintiff's claim for relief

pursuant to 28 U.S.C.A. 1367.

III.    **PARTIES.**

6.      Plaintiff is a female citizen of the United States and of the State of Illinois.

7.      Plaintiff is an individual with a disability, having been diagnosed with Post

Traumatic Stress Syndrome.

8.      At all times herein, Plaintiff was employed by the Defendant in the State of

Illinois.

9.      Defendant is an "employer" engaged in an industry affecting commerce who has

500  or more employees for each working day in each of 20 or more calendar weeks in the

current or preceding calendar year, as defined by 42 U.S.C.A. 12111(5) .

IV.     **ADMINISTRATIVE PROCEDURE.**

10.     Plaintiff has filed a Complaint with the Illinois Department of Human Rights and

the Equal Employment Opportunity Commission (hereinafter "EEOC") Complaint of

Discrimination Charge No. 2010CF12906.

11.     The EEOC issued a "Notice of Right to Sue ," mailed on  5/20/2010.

12.     90 days have not passed since receipt of the "Notice of Right to Sue".

2

V.     **GENERAL ALLEGATIONS**.

13.     The Plaintiff has been medically diagnosed with post traumatic stress syndrome.

14.     Plaintiff's impairments affect major life activities, including but not limited to, sleeping, cognitive and emotional functioning, learning, concentration, memory, processing information, thinking, performing multiple tasks simultaneously, interpersonal communication, and interaction with others.

15.     Plaintiff has been employed by Defendant since 4/16/2007, in the capacity of SENIOR CUSTOMER CLAIMS REPRESENTATIVE.

16.     In late August, 2009, Defendant, YVONETTE C. LAWSON, Associate Director, for Defendant, CELLCO PARTNERSHIP, d.b.a., VERIZON WIRELESS, at their Elgin, Illinois office, threw a paper ball at Plaintiff, while she was on a customer call.

17.     On September 11, 2009, Defendant, YVONETTE C. LAWSON, reached across another employee, while Plaintiff was working, and stabbed Plaintiff in the arm with a pen, breaking the skin on her arm. A few minutes later YVONNE C. LAWSON, came back and rubbed Plaintiff's broken skin with her saliva, while telling Plaintiff that she was too sensitive.

18.     On September 12, 2009, Plaintiff went to the emergency room for evaluation and testing. After examination and testing Plaintiff was given a tetanus shot and told that she needed to be tested for the HIV virus.

19.     On September 17, 2009, Plaintiff was tested for the HIV virus. She was told that the testing could not at this time determine whether or not she had the virus, but that she should be retested often over the next year. Plaintiff has been retested on 10/4/2009, on 12/4/2009 and on 1/5/2009.

20.     Plaintiff is now pregnant and will not be retested until the baby comes.

3

21.     Plaintiff's problems with POST TRAUMATIC SYNDROME have been

exacerbated since the incident with the Defendant LAWSON, and additionally has been

depressed and anxious to a significant degree since then.

22.     Plaintiff was able to perform the essential functions of her job as a SENIOR

CUSTOMER CLAIMS REPRESENTATIVE with or without accommodations.

23.     The Plaintiff is a "qualified individual " as defined in Section 101(8) of ADA 42

U.S.C.A. 211 (8).

24.     Any reasonable accommodation that would be necessary to enable the Plaintiff to

perform the essential functions of the SENIOR CUSTOMER CLAIMS REPRESENTATIVE,

position would not impose an "undue hardship" on the Defendant, CELLCO PARTNERSHIP,

d.b.a.  VERIZON WIRELESS, within the meaning of Section 101(10) of ADA, 42 U.S.C.A.

2111(10).

25.     On 9/11/2009 Plaintiff requested accommodation in the form of having  the

Defendant, YVONETTE C. LAWSON, be kept away from the plaintiff.

26.     Frequently the Defendant, YVONETTE C. LAWSON ignores this

accommodation and is present in the area in which the Plaintiff works, causing the Plaintiff great

stress and depression.

27.     The Plaintiff is currently on long term disability due to her severely aggravated

mental health problems.

## FIRST FOR RELIEF

## Intentional Discrimination based on Disability

## 42 U.S.C.A. para. 12112(b)(5)(A) and 29 U.S.C.A. para701,791,794 et seq.

28.     Plaintiff incorporates paragraphs 1 through 27 inclusive, as though fully set forth

herein.

29.     The Plaintiff is a "qualified individual with a disability" as defined in section

101(8)  of the ADA 42 U.S.C.A. para. 12111(8).

30.     Plaintiff was fully qualified to perform the duties of her position.

31.     The Defendant, CELLCO PARTNERSHIP d.b.a. VERIZON WIRELESS

continued refusal to keep Defendant, YVONETTE C. LAWSON away from the Plaintiff and to

generally accommodate the Plaintiff's disability of POST TRAUMATIC STRESS SYNDROME

constitutes discrimination against Plaintiff based on her disability.

32.     Defendant's actions constitute an intentional and unlawful employment practice

and policy in violation of the Americans with Disability Act of 1990, 42 U.S.C.A. 12112

(b)(5)(A); and the Rehabilitation Act of 1973, as amended, U.S.C.A. 701, 705, 791, 794 et seq.

## SECOND CLAIM FOR RELIEF

### Hostile Work Environment based on Disability

### 42 U.S.C.A. para. 12112(a), 794 et seq.

33.     Plaintiff incorporates paragraphs 1 through 32 inclusive, as though fully set forth

34.     Defendant harassed the Plaintiff and subjected her to a hostile environment based

on her disability.

WHEREFORE, Plaintiff respectfully prays the Court:

Enter an order awarding Plaintiff compensatory and punitive damages pursuant to 42

U.S.C.A. para. 12117, 29 U.S.C.A. para. 794a-e-5(g), 42 U.S.C.A. para. 2000e-5(g), and 42

U.S.C.A. para. 1981a, (Section 102 of the Civil Rights Act of 1991) for future pecuniary losses,

emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other

nonpecuniary losses, in an amount to be shown at trial.

5

Award Plaintiff the costs of this action, including expert witness fees, and taxed against the Defendant, pursuant to 12205,29 U.S.C.A. para. 794a, 42 U.S.C.A. para. 2000e-5 and the Equal Access to Justice Act, 5 U.S.C.A. para. 504.

Award the Plaintiff reasonable attorney's fees pursuant to 42 U.S.C.A. para. 12205, 29 U.S.C.A. para. 794a, et seq. 42 U.S.C.A. para. 2000e-15(k); and the Equal Access to Justice Act 5 U.S.C.A. para 504.

Award the Plaintiff interest on any action at the statutory rate pursuant to 42 U.S.C.A. para. 12117, 29 U.S.C.A. 794a, et seq. and 42 U.S.C.A. 2000E-16, as amended.

Enter an Order for such further and other relief that this Court may deem necessary and proper, including any affirmative relief that is necessary to eliminate the effect of the discriminatory practices complained of, or any affirmative relief that is necessary to make the Plaintiff whole, pursuant to 42 U.S.C.A. para. 12117, 29 U.S.C.A. para. 794a, et seq. and 42 U.S.C.A. para. 2000e-5 (g).

Plaintiff demands trial by jury.


/s/ Richard J. Cosentino
Richard J. Cosentino & Associates
11223 Distinctive Drive
Orland Park, IL 60467
708-478-7300