**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOCELYN THIGPEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 cv 4757 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| CELLCO PARTNERSHIP d/b/a, | ) |
| VERIZON WIRELESS, | ) |
| | ) |
| Defendant. | ) |

**<u>Memorandum Opinion and Order</u>**

Plaintiff, Jocelyn Thigpen, filed a two-count Complaint, alleging intentional discrimination and hostile work environment based on her disability. Defendant, Verizon Wireless, moves for summary judgment based on Thigpen's failure to exhaust her administrative remedies, and because the undisputed facts demonstrate that Verizon Wireless accommodated her disability and the conduct of which she complains was not severe and pervasive with any causal link to her disability. For the reasons stated below, Verizon Wireless' Motion for Summary Judgment is granted.

**Background**

Jocelyn Thigpen worked for Verizon Wireless as a Customer Service Representative at the call center in Elgin, Illinois from June 2, 2008, to June 10, 2010, when she went on long-term disability leave. Thigpen took a short-term disability leave between April 15, 2009, and May 19, 2009, after she was attacked at gun-point leaving her godmother's house on April 14, 2009. During her leave, she was diagnosed with post-traumatic stress disorder ("PTSD"). When Thigpen returned to work her supervisor was Debra Marshall, who reported to the Associate

Director of Customer Service, Yvonette Lawson. Thigpen testified that she told both Marshall and Lawson that about the attack, but could not recall if she specifically informed either of them of the PTSD. Thigpen requested that she be seated in the work area in such a way that someone could not walk up behind her. Marshall accommodated this request. Marshall testified that at no time prior to September 11, 2009, was she aware that Thigpen needed special accommodation because of an emotional problem stemming from the attack on April 14, 2009.

Thigpen alleges that in August 2009, while she was on a customer service call that Lawson was monitoring for quality, Lawson threw a paper ball that hit her in the chest. Thigpen testified that she believes Lawson threw the paper ball to attack her. On September 11, 2009, Thigpen alleges that she was sitting with another customer service representative, Natasha Norris, engaged in conversation when Lawson came out of her office and stabbed Thigpen in the upper arm with a pen. Thigpen did not report the incident to Marshall or anyone else until the following day and then sought treatment at the emergency room. The emergency room treating physician noted that Thigpen had a "very subtle mark/indentation [her] [*sic*] on upper shoulder." Thigpen did not seek any other medical treatment.

On September 14, 2009, Thigpen began a short-term disability leave that lasted through February 14, 2010. When she returned to work, Thigpen submitted a workplace accommodation request form stating that she had PTSD and asking to be placed in an outside retail store. Verizon Wireless could not accommodate the request because it had phased out customer service positions at retail locations. Thigpen submitted a note from her physician to Verizon Wireless stating that as of February 15, 2010, she could return to work on a gradual basis. Verizon Wireless accommodated this request and also accommodated her request to be moved from the center of the cubicle aisle. Verizon Wireless moved Thigpen from the fourth floor of the

building, where Lawson worked, to the third floor. After Thigpen returned to work she never went to the fourth floor. Thigpen had no further interactions with Lawson, but upon seeing her on May 29, 2010, Thigpen had a panic attack and did not return to work. She began a short-term disability leave and transitioned to long-term disability on June 10, 2010.[1]

**Legal Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(c). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When reviewing a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *See Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

**Discussion**

The moving party bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party meets its burden, then the non-moving party must set forth specific facts demonstrating that there is a genuine issue for trial. *Fed. R. Civ. P.* 56(e); *Celotex,* 477 U.S. at 324. To successfully oppose the motion, the non-movant must point to affidavits, depositions, answers to interrogatories, or

---

[1] In March 2010, Thigpen also requested an accommodation for her pregnancy in the form of rescheduling her hours on days that she needed to go to the doctor. Verizon Wireless denied the request because Thigpen had multiple options available to her to see her doctor without altering her schedule.

admissions; the non-movant cannot rest on the pleadings alone. *Celotex,* 477 U.S. at 324. Here, Thigpen fails to comply with Local Rule 56.1 and does not present a response to Verizon Wireless' statement of material facts, indeed she concedes the facts and materials contained in the Complaint, Answer, and Verizon's Memorandum in Support of Motion for Summary Judgment. Although Thigpen states in her response brief that her concession to the record is with the exception of certain materials specifically objected to, she does not point to affidavits, depositions or similar forms of evidence. Instead, Thigpen cites to non-existent paragraphs of the Statement of Facts or to her own Complaint. Thus, Thigpen has failed to demonstrate that there is a genuine issue of material fact for trial by failing to adequately dispute the motion.

Verizon Wireless also argues that Thigpen's claim of intentional discrimination based on her disability fails because Thigpen never filed a charge of discrimination with the EEOC or the Illinois Department of Human Rights' ("IDHR") claiming a failure to accommodate. A plaintiff seeking relief for a violation of the Americans with Disabilities Act ("ADA") must first exhaust her administrative remedies prior to filing a lawsuit. *See Ester v. Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001). A plaintiff generally cannot bring a claim that was not included in the EEOC charge. *See Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). While courts in this circuit do not require the inclusion of every fact forming the basis of the complaint, if the claim is not included in the administrative charge, the complaint must be "like or reasonably related to the allegations of the administrative charge and growing out of such allegations." *Haugerud v. Amery Sch. Dist.*, 299 F.3d 678, 689 (7th Cir. 2001).

Here, Thigpen's IDHR charge filed on October 28, 2009, alleged only that she was subjected to a hostile work environment based on her disability. She specifically alleged that Lawson harassed her by throwing a paper ball at her and by stabbing her in the arm with a pen.

Thigpen did not make any allegations in her IDHR charge to the effect that Verizon Wireless failed to accommodate her disability. A failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA because they are analyzed differently under the law. *Green v. National Steel Corp.,* 197 F.3d 894, 898 (7th Cir. 1999). Thus, Thigpen failed to exhaust her administrative remedies as to Count I of her complaint alleging intentional discrimination by failing to accommodate her disability. Moreover, as addressed above, Thigpen conceded the facts asserted by Verizon Wireless in support of its motion for summary judgment, including that Verizon Wireless reasonably accommodated her requests.

Verizon Wireless also argues that Thigpen's hostile work environment claim fails as a matter of law. To survive summary judgment on a hostile work environment claim, a plaintiff must put forth sufficient evidence to show: (1) she was subject to unwelcome harassment; (2) based on her membership in a protected class; (3) that the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment; and (4) a basis for employer liability. *Silk v. City of Chicago,* 194 F.3d 788, 804 (7th Cir. 1999). The second and third elements are at issue here.

Verizon Wireless does not dispute for purposes of this motion that Thigpen suffered from disabling PTSD. However, Verizon Wirelss contends that the incidents of harassment alleged by Thigpen were not sufficiently severe or pervasive to create a legally hostile or abusive work environment. Thigpen alleges that Lawson threw a balled up paper at her chest on one occasion, that Lawson yelled at Thigpen to not snap her fingers at Lawson, and that Lawson stabbed her in the arm on another occasion.

This Court finds that the isolated incidents of Lawson throwing the ball of paper and yelling at Thigpen to not snap her fingers Lawson show impatience and rudeness, but do not rise

to the level of a violation of the ADA. *See Minor v. Ivy Tech State College,* 174 F.3d 855, 958 (7th Cir. 1999). The single incident of Lawson stabbing Thigpen in the arm with a pen is also insufficient to support a claim of hostile work environment. Even when viewed in the light most favorable to Thigpen, the record shows that she suffered minimal physical injury and did not complain or seek any medical attention until the following day. While a single act of harassment may suffice if it is egregious, courts have found actions of similar severity insufficient to establish a hostile work environment claim. In *Erkan v. Illinois Department of Corrections,* 2006 U.S. Dist. LEXIS 79728 (N.D. Ill. Oct. 27, 2006), the court found the plaintiff's allegation that her supervisor grabbed her arm and flung her across the room was insufficient to support a hostile work environment claim. In *Ekran*, the court also found there was no evidence that the alleged assault was connected to the plaintiff's gender. Similarly, here, there is nothing in the record to suggest that Lawson stabbing Thigpen in the arm was motivated by Thigpen's disability since Thigpen could not recall if she had ever informed Lawson of her PTSD. Therefore, there is insufficient evidence in the record for a reasonable jury to conclude that Verizon Wireless subjected Thigpen to severe and pervasive harassment based on her disability. Verizon Wireless is thus entitled to judgment as a matter of law on Count II.

For the reasons stated herein, defendant Verizon Wireless' Motion for Summary Judgment is granted. Plaintiff Jocelyn Thigpen's Complaint is hereby dismissed with prejudice. IT IS SO ORDERED.

Date: February 25, 2013

Entered:_____
                Sharon Johnson Coleman